# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| :LAVERN-JOSEPH: MILLER., | ) | |
| : KENNY-LAVERN: MILLER., and | ) | |
| :MONTE-EDWIN: MUELLER., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:12 CV 434 |
| | ) | |
| PEOPLES FEDERAL | ) | |
| SAVINGS BANK, | ) | |
|     Defendant. | ) | |

## OPINION and ORDER

This matter is before the court on motions filed by defendant Peoples Federal Savings Bank ("PFSB") seeking dismissal of the complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) and sanctions pursuant to FEDERAL RULE OF CIVIL PROCEDURE 11 and LOCAL RULE 1.3. (DE # 5; DE # 6.) Plaintiffs Lavern Joseph Miller, Kenny Lavern Miller and Monte Edwin Mueller (spelling their names in the ordinary way, not the stylized method used in the complaint, as shown in the caption above) have not responded to either motion, despite Magistrate Judge Cosbey's written notice (DE # 9) giving them a deadline to do so and warning them of likely consequences should they not.

Just like at least three other cases filed by Mueller jointly with other plaintiffs in this district,[1] the document initiating this case, inclusive of attachments, is comprised of

---

[1] The case is also like approximately nine other cases filed by Mueller in other judicial districts, which the court found using the national PACER system.

over two dozen pages of incomprehensible gibberish.[2] Not surprisingly, this prompted PFSB's motions. In addition, Magistrate Judge Cosbey ordered plaintiffs to file an amended complaint that complied with RULE 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE by February 12, 2013, giving them explicit notice that this action would otherwise be dismissed without prejudice. (DE # 10.) That deadline came and went, and plaintiffs filed nothing.

Considering PFSB's motion for dismissal first, RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE permits dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). RULE 8 establishes the pleading requirements for a complaint filed in federal court. RULE 8(a) states:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and,

---

[2] The last attachment, beginning at CM/ECF page 14, appears to be all or part of a real property mortgage to which plaintiff Lavern J. Miller and defendant PFSB are parties. This document itself is not unintelligible, but it is covered with unintelligible annotations.

through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The court agrees with PFSB that the complaint plaintiffs filed is completely incoherent and unintelligible. As such, it fails to provide, in a short and plain statement of the claim, fair notice of the claim or the grounds upon which it rests, or to present any facts from which it can be inferred that any plaintiff is plausibly entitled to some form of relief due to actions taken by the defendant. The indecipherable allegations lack any cognizable legal theory or sufficient facts to support a cognizable theory. A "plaintiff must give enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), but the court is unable even to determine what story plaintiffs are attempting to tell through their assertions. "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Hoskins v. Polestra*, 320 F.3d 761, 762 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense . . . even when the plaintiff has paid all fees for filing and service"); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible" is completely acceptable.").

For these reasons, PFSB's motion to dismiss the complaint will be granted. However, it is a rare case in which a court should dismiss a confusing complaint with prejudice. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). This would seem especially true given the leniency afforded *pro se* plaintiffs like the two Miller plaintiffs here. It is not clear to which claims prejudice might attach, since it is impossible to determine what claims the Millers are attempting to assert in the complaint. Moreover, it may be that they have some viable claim against PFSB, but have somehow been convinced that Mr. Mueller's nonsense-pleading style has merit. Should the Millers choose to begin communicating in standard American English, and file a complaint asserting a viable claim, either pro se or by an attorney, the court does not believe the present misguided action should be a bar.

Therefore, dismissal of the complaint as to the Millers will be without prejudice. This is not true for plaintiff Mueller, however. This case is like the several others he has filed and he has, as yet, failed to heed the court's orders directing him to file an amended complaint in any of them. As to him, the dismissal will be with prejudice.

PFSB's motion for sanctions will be denied. There is no indication that it complied with the safe harbor provision found in RULE 11(c)(2). Moreover, it does not appear that the Miller plaintiffs have been involved in other actions of this nature, and the dismissal of this case can serve as a lesson, along with this warning: should they file a similar complaint again, the court will consider sanctions, including awarding attorneys' fees and costs to the defendant. As to Mueller, a sanction might be warranted

4

if RULE 11(c)(2) had been followed. Nevertheless, the court has already sanctioned Mueller in another case by enjoining him from filing new cases without leave of court. *See Hochstetler v. Lake City Bank*, 1:12 CV 458, DE # 16. The court thinks that serves the purpose sought by defendant here, making additional sanctions unnecessary.

For the foregoing reasons, defendant's motion to dismiss (DE # 5) is **GRANTED**, and motion for sanctions (DE # 6) is **DENIED**. As to plaintiffs Lavern Joseph Miller and Kenny Lavern Miller, this action is **DISMISSED** without prejudice; as to plaintiff Monte Edwin Mueller it is **DISMISSED** with prejudice. Clerk to enter final judgment.

**SO ORDERED.**

Date: May 3, 2013

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT